IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**WAL-MART STORES, INC.**                                                              PLAINTIFF

V.                                    CASE NO. 5:14-CV-5262

**CUKER INTERACTIVE, LLC**                                                             DEFENDANT

OPINION AND ORDER

Currently before the Court are Defendant Cuker Interactive, LLC's Motion to Compel (Doc. 28)[1] and Brief in Support (Doc. 29), Plaintiff Wal-Mart Stores Inc.'s ("Walmart") Brief in Opposition (Doc. 31), and Cuker's Reply Brief (Doc. 33); and Walmart's Motion to Strike Reply Brief in Support of Cuker's Motion to Compel and Declaration of Nikolaj Baer (Doc. 34) and Brief in Support (Doc. 35), and Cuker's Response in Opposition (Doc. 36).  For the reasons given below, Cuker's Motion to Compel is **GRANTED**, and Walmart's Motion to Strike is **DENIED AS MOOT**.

Cuker moves the Court to compel Walmart to produce its electronic discovery in native format.  Cuker and Walmart agreed in their Joint Rule 26(f) Report to produce such data "[g]enerally [in] native format."  (Doc. 19, p. 2, § 4(c)).  Cuker represents that "Cuker has produced its initial disclosure documents in native format, and it intends to produce any other documents in native format, as the parties agreed . . . ."  (Doc. 29, p. 1).  Walmart has loaded its electronic discovery into a database hosted by a third-party vendor called "Altep," where Cuker may view the documents by using a document

---

[1] The full title of Cuker's Motion is "Motion to Compel and Expedite."  The Court denied Cuker's Motion to Expedite through a text-only order entered on February 11, 2015.

1

management and review program called "Relativity."  Cuker represents that while this method of production allows Cuker to view some—but not all—of the metadata associated with the files hosted by Altep, Cuker will only be able to export the electronic discovery from Altep's database in a static image format such as PDF or TIFF, and Altep will charge Cuker for each such exportation.  Walmart does not appear to dispute this factual representation; rather, Walmart argues that this method of production is sufficient to comply with the Rule 26(f) Report and that the data so produced is in a reasonably usable form.

The Court believes Walmart should be held to its agreement.  Simply put, native format means native format.  *See Cenveo Corp. S. Graphic Sys.*, 2009 WL 4042898, at *1 (D. Minn. Nov. 18, 2009) (collecting cases).  Walmart also argues that producing electronic discovery through a third-party vendor provides additional security from cyber-attacks by third parties who might wish to gain unauthorized access to Walmart's electronic data.  Cuker counters in its Reply that "Walmart's delivery of its [electronic discovery] to Cuker on an external hard drive will allow Cuker to review the documents offline and to avoid the risks of" unauthorized access by third parties.  (Doc. 33, pp. 5-6). Drawing from the Court's prior experience with electronic discovery, the Court agrees with Cuker on this point and finds Walmart's security concerns here unpersuasive.

Walmart also moves the Court to strike Cuker's Reply and the affidavit attached thereto on the grounds that the affidavit contains hearsay and unqualified expert testimony.  The Court has not relied on any expert opinion or hearsay contained in Cuker's Reply or the affidavit attached thereto in ruling on Cuker's Motion.  Rather, the Court has relied on the plain language of the parties' Joint Rule 26(f) Report and the undisputed

factual representations in Cuker's Motion and Brief in Support and in Walmart's Response.

**IT IS THEREFORE ORDERED** that Cuker's Motion to Compel (Doc. 28) is **GRANTED**, and Walmart's Motion to Strike (Doc. 34) is **DENIED AS MOOT**. Both parties are ordered to produce discovery from electronic or computer-based media directly to each other in native format, on external hard drives whenever possible.

**IT IS SO ORDERED** this 9th day of April, 2015.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE