IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**WAL-MART STORES, INC.**                                   **PLAINTIFF/
COUNTER-DEFENDANT**

**V.**                        **CASE NO. 5:14-CV-5262**

**CUKER INTERACTIVE, LLC**                                 **DEFENDANT/
COUNTER-CLAIMANT**

## OPINION AND ORDER

Currently before the Court are Defendant Cuker Interactive, LLC's ("Cuker") Motion for Sanctions for Walmart's Failure to Preserve Electronically Stored Information Pursuant to Fed. R. Civ. P. 37(e) (Doc. 143) and Brief in Support (Doc. 144-1), Plaintiff Wal-Mart Stores, Inc.'s ("Walmart") Response in Opposition (Doc. 155-3), Cuker's Reply (Doc. 162), and Walmart's Sur-Reply (Doc. 166). For the reasons given below, Cuker's Motion is **DENIED**.

Cuker contends that Walmart employee Tal Herman, as Worldwide Director of User Experience, was responsible for the ASDA and Walmart2Go websites that are at the heart of the claims in this case. Cuker alleges that Mr. Herman attended three in-person meetings with Cuker, and "engineered and carried out an undisclosed plan to leverage Cuker's assets for use on other platforms as implemented by Cuker's direct competitors." (Doc. 143, ¶ 3). Cuker further alleges that when Mr. Herman's employment at Walmart ended—and "one month after [Walmart] began preparations for this lawsuit"—Walmart erased electronically stored information ("ESI") from his laptop that was pertinent to this case. *Id.* at ¶ 1. Cuker seeks dismissal of Walmart's claims or, alternatively, an

adverse spoliation instruction to the jury, as a sanction under Fed. R. Civ. P. 37(e) for Walmart's failure to preserve ESI that should have been preserved in anticipation or conduct of the instant litigation. *Id.* at ¶ 7.

Rule 37(e) states, in its entirety:

> **Failure to Preserve Electronically Stored Information.** If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>    (A) presume that the lost information was unfavorable to the party;
>    (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>    (C) dismiss the action or enter a default judgment.

The Eighth Circuit has elaborated that "[f]or an adverse inference instruction for spoliation to be warranted, a district court is required to make two findings: (1) there must be a finding of intentional destruction indicating a desire to suppress the truth, and (2) there must be a finding of prejudice to the opposing party." *Lincoln Composites, Inc. v. Firetrace USA, LLC*, 825 F.3d 453, 463 (8th Cir. 2016). The party seeking the sanction bears the burden of showing the requisite intent and prejudice. *See Johnson v. Ready Mixed Concrete Co.*, 424 F.3d 806, 811 (8th Cir. 2005) (internal quotation marks omitted). Whether to impose discovery sanctions is a decision committed to this Court's discretion, but the scope of that discretion narrows as the severity of the sanction increases. *Bergstrom v. Frascone*, 744 F.3d 571, 576 (8th Cir. 2014).

Walmart insists that it simply wiped Mr. Herman's laptop pursuant to its standard unwritten policy of doing so for all employees who leave the company, and that Cuker

has not demonstrated the prejudice or bad intent required for the requested sanctions. The Court agrees that Cuker has not demonstrated prejudice, and therefore does not reach the issue of intent. Of central importance to the Court's conclusion here is the fact that Cuker declined the opportunity during discovery to review, at its own expense, backup tapes of Mr. Herman's emails. Cuker points out that there was much likely much more material on Mr. Herman's laptop than merely his emails; and Cuker contends that in any event the backup tapes were unlikely to reveal much useful material because of Walmart's low email server size limits. See Doc. 223, pp. 61–62. But the Court is unwilling to base a finding of prejudice here on speculation about the content of material that is not in the record, when at least *some* of that absent material was discoverable and available to the party seeking the sanction, who nevertheless chose not to review it.

Walmart requests that if Cuker's Motion is denied, Walmart be awarded its expenses incurred in responding to this Motion under Rule 37(a)(5)(B). The Court is unwilling to grant that award for two independent reasons. First, Rule 37(a)(5)(B) pertains to denials of motions to compel disclosure or discovery—not, so far as this Court is aware, to denials of motions seeking sanctions for spoliation of evidence. Second, even if that subsection of the Rule applies to the instant Motion, the Court believes the present "circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). In particular, although the Court has not made any formal finding on the issue of intent, the Court observes that the record before it permits a very reasonable inference that at the time Mr. Herman's laptop was wiped, Walmart was aware that litigation was looming and that Mr. Herman had interacted directly with Cuker on the project giving rise to this litigation. Thus, regardless of whether a litigation hold was formally in place at the time

Mr. Herman's employment ended, it was a very poor practice for a company as sophisticated as Walmart to have wiped Mr. Herman's laptop under these circumstances. No matter whether this was the result of bad intent or a simple oversight, the Court will not reward Walmart for such conduct.

**IT IS THEREFORE ORDERED** that Defendant Cuker Interactive, LLC's ("Cuker") Motion for Sanctions for Walmart's Failure to Preserve Electronically Stored Information Pursuant to Fed. R. Civ. P. 37(e) (Doc. 143) is **DENIED**.

**IT IS SO ORDERED** on this 19th day of January, 2017.

/s/ Timothy L. Brooks

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE