IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**WAL-MART STORES, INC.**                                    **PLAINTIFF/
                                                              COUNTER-DEFENDANT**

**V.**                    **CASE NO. 5:14-CV-5262**

**CUKER INTERACTIVE, LLC**                                   **DEFENDANT/
                                                              COUNTER-CLAIMANT**

## OPINION AND ORDER

Currently before the Court is Plaintiff Wal-Mart Stores, Inc.'s ("Wal-Mart's") *Omnibus Motion in Limine* (Doc. 181) and Brief in Support (Doc. 182) and Defendant Cuker Interactive, LLC's ("Cuker's") Response (Doc. 193). Having duly considered its premise, the Court finds that Wal-Mart's Omnibus Motion (Doc. 181) should be **GRANTED IN PART, DENIED IN PART, AND DEFRERED IN PART**, as follows:

A. **GRANTED as to The Golden Rule**. The parties are not to violate the so-called "Golden Rule" before the jury.

B. **GRANTED IN PART and DEFERRED IN PART as to Wal-Mart's Size and Financial Status.** Cuker shall not make any gratuitous references to Wal-Mart's Size or Financial Status. Such references are not relevant to any fact in dispute and would otherwise be excludable under Rule 403. That said, certain specific and targeted financial evidence might very well be relevant and proper as it relates to the remaining scope of Cuker's trade secret claims that the Court has allowed to proceed to trial. *See* Doc. 197's ruling on Count Three of Cuker's Counterclaim. The Court does not have enough information or context to make specific rulings in this regard, and therefore **DEFERS** ruling

on the same. Not less than two weeks prior to the Motion in Limine deadline, Cuker shall notify Wal-Mart of the financial evidence it will seek to introduce for purposes of its trade secret claims. Wal-Mart may then file a renewed Motion if it contends any such specific evidence should be excluded.

C. **DENIED, without prejudice, as to Pangaea evidence.** The premise of Wal-Mart's Motion in this regard is grossly deficient and the Court refuses to speculate as to why such evidence is not relevant or otherwise improper.

D. **DENIED, without prejudice, as to evidence of Acquisitions or Potential Acquisitions.** The premise of Wal-Mart's Motion in this regard is grossly deficient and the Court refuses to speculate as to why such evidence is not relevant or otherwise improper.

E. **DENIED, without prejudice, as to evidence of Wal-Mart's Contracts with Other Vendors**. The premise of Wal-Mart's Motion in this regard is grossly deficient and the Court refuses to speculate as to why such evidence is not relevant or otherwise improper.

F. **DENIED, without prejudice, as to Agile v. Waterfall evidence.** The premise of Wal-Mart's Motion in this regard is grossly deficient and the Court refuses to speculate as to why such evidence is not relevant or otherwise improper.

G. **DENIED, without prejudice, as to evidence of Consumer Complaints and Website Performance Issues.** The premise of Wal-Mart's Motion in this regard is grossly deficient and the Court refuses to speculate as to why such evidence is not relevant or otherwise improper.

H. **DENIED, without prejudice, as to evidence of Tal Herman's Access to Basecamp of Cuker-Authored Designs.** The premise of Wal-Mart's Motion in this regard is grossly deficient and the Court refuses to speculate as to why such evidence is not relevant or otherwise improper.

I. **DENIED, as to "Final Code Drop" Log Entries.** Subject to Cuker's ability to lay a proper foundation for admission, the Court finds that such evidence is relevant and otherwise proper.

J. **GRANTED IN PART and DENIED IN PART, as to Additional Matters that Should Be Excluded in Limine.**

- The parties agree and therefore the Motion is **GRANTED with respected to items J(1) through J(5); J(7) through J(9); J(11); and J(12),** the subject matter of which is set forth in Wal-Mart's Motion.

- The Motion is **DENIED with respect to item J(6),** without prejudice, as to the mention of witnesses who will not be called to testify and/or not called to testify live. Wal-Mart's position as to which witnesses it will seek to call "live" at trial has changed significantly since this Motion was briefed, and therefore the Court will **DENY** the Motion, without prejudice. Wal-Mart may timely re-file such a Motion once the status of its live witness list becomes definitive; provided that it specifically identifies which witnesses are the subject of any remaining concern in this regard.

- The Motion is **DENIED with respect to item J(10),** without prejudice, as to the mention of witnesses who will not be called to testify and/or not called to

testify live.  Wal-Mart's position as to which witnesses it will seek to call "live" at trial has changed significantly since this Motion was briefed, and therefore the Court will **DENY** the Motion, without prejudice.  Wal-Mart may timely re-file such a Motion once the status of its live witness list becomes definitive; provided that it specifically identifies which witnesses are the subject of any remaining concern in this regard.

- The Motion is **DENIED with respect to item J(13),** without prejudice, as to the mention of unavailable witnesses.  The Court does not have sufficient context to rule on this aspect of the Motion, and it refuses to speculate as to which persons such reference might be applicable to.

- The Motion is generally **GRANTED with respect to item J(14)** as to limiting expert testimony to opinions stated in their expert reports.  That said, the Court has circumscribed the opinions that certain expert witnesses may provide at trial.  *See* Doc. 227.

**IT IS SO ORDERED** on this 20th day of January, 2017.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE