### IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF ARKANSAS
### FAYETTEVILLE DIVISION

**WAL-MART STORES, INC.**                                    **PLAINTIFF/**
                                                    **COUNTER-DEFENDANT**

**V.**                              **CASE NO. 5:14-CV-5262**

**CUKER INTERACTIVE, LLC**                                    **DEFENDANT/**
                                                    **COUNTER-CLAIMANT**

### OPINION AND ORDER

Now before the Court is the Joint Motion in Limine Regarding Adel Atalla Deposition Designations (Doc. 339) filed on March 16, 2017. As a preliminary argument, Plaintiff Wal-Mart Stores, Inc. ("Walmart") makes a global objection to Defendant Cuker Interactive, LLC's ("Cuker") use of Adel Atalla's[1] deposition at trial on the grounds that Atalla is not an unavailable witness under Federal Rule of Civil Procedure 32.[2] Cuker responds by stating that Atalla is unavailable under the meaning of Rule 32, and that Walmart has not shown that Cuker has facilitated Atalla's unavailability. On March 29, 2017, the Court held a pretrial conference and heard argument by both parties on the Motion. The Motion is now ripe for adjudication. For the reasons stated herein, the Joint Motion in Limine Regarding Adel Atalla Deposition Designations (Doc. 339) is **DENIED**

---

[1] Atalla is Cuker's president.

[2] Walmart states that the basis for its objection is Federal Rule of Civil Procedure 32(a)(3). However, that subsection concerns when an *adverse* party may use the deposition of the other party's officer. *See* Fed. R. Civ. P. 32(a)(3). Because Walmart is contesting whether Cuker may introduce the deposition of its own officer, the Court interprets Walmart's objection as falling under Federal Rule of Civil Procedure 32(a)(4), which concerns unavailability of a witness under Rule 32.

**IN PART**. The Motion is denied as to Walmart's objection that Atalla is not unavailable under Federal Rule of Civil Procedure 32, but the Court **DEFERS** ruling on the remaining issues in the Motion, which will be ruled on in a separate Order.

## I. DISCUSSION

"If it is desired to use the deposition of a person---other than an adverse party---for substantive evidence, rather than merely for impeachment, the conditions of Rule 32(a)(4) must be satisfied. The rule applies to any witness 'whether or not a party.'" 8A Wright, Miller, and Marcus, *Federal Practice and Procedure*, Section 2146 (3d ed. 2010). However, the Court must first make a finding that such a person is "unavailable" to testify live. Fed. R. Civ. P Rule 32(a)(4) lists five circumstances that would render a witness unavailable for this purpose. Here, Cuker seeks to present the deposition testimony of its President, Adel Atalla, because he "is more than 100 miles from the place of hearing or trial," which is one of qualifying circumstances---provided that Atalla's "absence was [not] procured by" Cuker. Fed. R. Civ. P. 32(a)(4)(B).[3] Walmart does not dispute that Atalla lives and works in California—clearly beyond the 100-mile threshold of Rule 32(a)(4)(B). But Walmart does allege that Cuker is "procuring [Atalla's] absence by its refusal to bring him" to trial, and that "[i]t is not too late for him to purchase an airline ticket or make other travel arrangements." (Doc. 339, p. 3).

A party "procures" the absence of a witness if it "actively [takes] steps to keep the deponents from setting foot in the courtroom." *A.H. ex rel. Hadjih v. Evenflo Co.*, 579 F.

---

[3] "Although under [Federal Rule of Evidence] 804[] [the party seeking to admit the testimony] would [bear] the burden of proving the unavailability [of the witness], Rule 32 is an independent exception to the hearsay rule." *See In re Levaquin Prod. Liab.*, 2012 WL 1004995, at *3 (D. Minn. Mar. 26, 2012) (citing *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 914-15 (9th Cir. 2008)).

App'x 649, 656 (10th Cir. 2014) (quoting *Carey v. Bahama Cruise Lines,* 864 F.2d 201, 204 (1st Cir.1988)). Many courts have found that "the mere fact that the deponents are employed by [the party seeking to introduce his or her testimony] and that there is an identity of interest between the deponents and their employer is not enough to trigger exclusion because 'procuring absence and doing nothing to facilitate presence are quite different things.'" *Carey*, 864 F.2d at 204 (quoting *Houser v. Snap-On Tools Corp.*, 202 F. Supp. 181, 189 (D. Md. 1962)); *Forrester Envtl. Servs., Inc. v. Wheelabrator Techs., Inc.*, 2012 WL 1161125, at *2 (D.N.H. Apr. 6, 2012); *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 2014 WL 8096334, at *5 (C.D. Cal. Apr. 21, 2014); *see also Richmond v. Brooks,* 227 F.2d 490, 493 (2d Cir.1955) (permitting a party who was more than 100 miles from the trial venue to offer her own deposition as her sole proof at trial in the absence of proof that she had deliberately avoided the trial); *Evenflo*, 579 F. App'x at 656 (stating that "there is a difference between procuring a witness's absence and electing not to procure his attendance"); *Nash v. Heckler*, 108 F.R.D. 376, 378 (W.D.N.Y. 1985) (stating that the "plaintiff's contention that the substantial identity of interest between the deponents in question and defendants in the case *ipso facto* raises a spectre of illicit procurement by the defendants of the absence of such deponents from trial is implicitly rebutted by *Richmond* . . . and explicitly rejected in *Houser*"). At least one district court in the Eighth Circuit has found that a party did not procure the absence of one of its officers "simply by having him live and work outside the range of [the] court's subpoena power." *Johnson v. Land O' Lakes, Inc.*, 181 F.R.D. 388, 397 n.4 (N.D. Iowa 1998). *See also*, 8A Wright, Miller, and Marcus, *Federal Practice and Procedure*, Section 2147 (3d ed. 2010).

At bottom, Walmart's argument is simply that Cuker is not facilitating Atalla's attendance at trial, which is not, standing alone, enough to show that Cuker is procuring Atalla's absence. Without any evidence in the record that Cuker actively took, or is actively taking, steps to keep Atalla outside of the 100-mile radius of the Court, the mere fact that Atalla lives and works in California as an officer of Cuker does not serve as a basis for a finding of procurement of Atalla's absence by Cuker under Rule 32(a)(4)(B). Therefore, the Court finds that Atalla is unavailable under Rule 32(a)(4)(B).[4]

## II. CONCLUSION

Based on the reasons set forth above, the Joint Motion in Limine Regarding Adel Atalla Deposition Designations (Doc. 339) is **DENIED IN PART**. The Motion is denied as to Walmart's objection that Atalla is not unavailable under Federal Rule of Civil Procedure 32, but the Court **DEFERS** ruling on the remaining issues in the Motion, which will be ruled on in a separate Order.

**IT IS SO ORDERED** on this ____ day of April, 2017.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[4] The Court notes that Atalla's proximity is to be "determined as of the time at which the deposition is offered, *i.e.,* at the time [Atalla] is called at trial." *Niver v. Travelers Indem. Co. of Ill.*, 430 F. Supp. 2d 852, 866 (N.D. Iowa 2006) (quoting *Hartman v. United States,* 538 F.2d 1336, 1345 (8th Cir.1976)). However, because Atalla lives and works in California, the Court believes that it is reasonable to assume that Atalla will not be within 100 miles of the Court at such time. However, in the event that Atalla is within the 100-mile radius at the time the parties offer his deposition, then Rule 32(a)(4)(B) will not apply.