IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**WAL-MART STORES, INC.**                                  **PLAINTIFF/**
**COUNTER-DEFENDANT**

V.                    **CASE NO. 5:14-CV-5262**

**CUKER INTERACTIVE, LLC**                                 **DEFENDANT/**
**COUNTER-CLAIMANT**

### CONSOLIDATED ORDER ON MOTIONS IN LIMINE

The parties appeared before the Court on March 29, 2017, for a final pretrial conference. During the course of that hearing, the Court took up numerous pending motions in limine and other matters. Having been advised by the parties' motions and responses, and having provided the parties with an opportunity to further argue their positions at the hearing, the Court then proceeded to make rulings from the bench. The purpose of this Order is to collect and summarize each separate ruling. The basis for the Court's rulings as stated from the bench, and any finer or more complete parsing of those rulings, are incorporated herein by reference.

The Court's rulings dispose of 17 separate motions (Docs. 260, 265, 276, 278, 285, 288, 291, 294, 297, 300, 303, 309, 311, 314, 317, 320, and 327), as follows:

| Item 1 | Doc. 327 | Cuker's Motion to Exclude Testimony from Sondgeroth et al. | **GRANTED IN PART**<br>**DENIED IN PART** |
|---|---|---|---|
| Mr. Bergam and Mr. Kirdatt may not testify at trial.<br><br>Mr. Sondgeroth may testify at trial. | | | |

1

| Item 2 | Doc. 291 | Walmart's Motion to Preclude Mr. Easttom's New Contract Opinions | **GRANTED IN PART DENIED IN PART** |
|---|---|---|---|

Mr. Easttom may not offer legal opinions.

Assuming a proper foundation is laid, the Court will permit Mr. Easttom to opine as to whether particular code is part of, or necessary to effectuate, one of the templates that Walmart purchased or any of the other discrete things that Walmart bargained for under the contract. Mr. Easttom's opinions must be geared towards helping the jury understand the evidence, rather than towards legal conclusions.

| Item 3 | Doc. 297 | Walmart's Motion to Preclude Expert Testimony That Does Not Distinguish Between In Scope and Out of Scope | **DENIED** |
|---|---|---|---|

Mr. Easttom will not be permitted to opine on whether a particular item is in scope or out of scope.

Mr. Easttom will be permitted to opine in accordance with this Court's ruling on Doc. 291 (Item 2, *supra*).

| Item 4 | Doc. 294 | Walmart's Motion to Preclude Mr. Easttom's Supplemental Design and Layout Opinions | **GRANTED IN PART DENIED IN PART** |
|---|---|---|---|

The Court will not permit Cuker's lawyers or witnesses to argue that the visual appearance of a website is itself a trade secret.

The Court will permit Mr. Easttom to opine on similarities in websites' visual appearances, so long as those opinions are offered as circumstantial evidence of trade-secret misappropriation. A limiting instruction might be appropriate.

| Item 5 | Doc. 303 | Walmart's Motion to Prohibit Cuker's Witnesses from Commenting on Walmart's Counsel | **GRANTED IN PART DENIED IN PART** |
|---|---|---|---|

Mr. Easttom will not be permitted to treat lawyers' statements as evidence when testifying at trial.

But the Court will not impose a blanket rule universally prohibiting Mr. Easttom from referencing attorney statements or conduct.

| Item 6 | Doc. 314 | Cuker's Motion to Exclude Opinions in Expert Brad Ulrich's Supplemental Report | **DENIED** |
|---|---|---|---|

The Court will permit Mr. Ulrich to offer opinions based on the Python scripts authored by Atif Hashmi.

The Court will allow Mr. Easttom to testify at trial as to whether he has finally received the Hashmi script's missing modules and whether he was able to run the script after receiving them; but the Court will not let his opinions on this discrete issue go beyond that.

| Item 7 | Doc. 320 | Cuker's Motion to Exclude Evidence Cited in Mr. Ulrich's Rebuttal Report | **DENIED** |
|---|---|---|---|

The Court will not exclude the two emails from Chris Jochetz that Mr. Ulrich cites in his rebuttal report, even though they were not previously disclosed in discovery.

| Item 8 | Doc. 278 | Walmart's Motion to Preclude Evidence of Profits from Walmart Websites | **DENIED as premature** |
|---|---|---|---|

The Court is considering prohibiting Walmart from objecting at trial to Dr. Patrick Kennedy's opinions on trade-secret damages, as a sanction for Walmart's discovery abuses.

| Item 9 | Doc. 300 | Walmart's Motion to Preclude Testimony Regarding Actual Loss Damages | **DENIED as premature** |
|---|---|---|---|

The Court is considering prohibiting Walmart from objecting at trial to Dr. Kennedy's opinions on trade-secret damages, as a sanction for Walmart's discovery abuses.

| Item 10 | Doc. 265 | Walmart's Motion for Leave to Disclose Rebuttal Financial Expert Testimony | **DENIED** |
|---|---|---|---|
| Walmart will not be permitted to offer expert opinions at trial in rebuttal to Dr. Kennedy's expert testimony on damages. | | | |

| Item 11 | Doc. 309 | Cuker's Motion to Preclude Walmart from Presenting Untimely Expert Testimony at Trial | **GRANTED** |
|---|---|---|---|
| Walmart will not be permitted to offer expert opinions on damages at trial. | | | |

| Item 12 | Doc. 260 | Walmart's Motion to Preclude Evidence of Trade Secrets Alleged with Insufficient Particularity | **GRANTED IN PART DENIED IN PART** |
|---|---|---|---|
| The Court will not preclude Cuker from presenting evidence at trial on its trade secret claims. But the Court will require Cuker to submit a trial brief outlining its trade secret claims with greater specificity by no later than the close of business on Tuesday, April 4, 2017. | | | |

| Item 13 | Doc. 288 | Walmart's Motion to Preclude Evidence of Trade Secret Claims Preempted by Copyright Act | **DENIED** |
|---|---|---|---|
| Cuker's trade secret claims are not preempted by the Copyright Act. | | | |

| Item 14 | Doc. 276 | Walmart's Motion to Preclude Evidence of Damages Lacking Proximate Causation | **DENIED as premature** |
|---|---|---|---|
| The Court is considering prohibiting Walmart from objecting at trial to Dr. Kennedy's opinions on trade-secret damages, as a sanction for Walmart's discovery abuses. ||||

| Item 15 | Doc. 285 | Walmart's Motion to Preclude Evidence of Damages from George, GM, and ASDA Money Websites | **DENIED as premature** |
|---|---|---|---|
| The Court is considering prohibiting Walmart from objecting at trial to Dr. Kennedy's opinions on trade-secret damages, as a sanction for Walmart's discovery abuses. ||||

| Item 16 | Doc. 317 | Cuker's Motion to Exclude Evidence that the Milestones in the Contract are Absolute Deadlines | **GRANTED IN PART DENIED IN PART** |
|---|---|---|---|
| The Court has already held that the contract simply required Cuker to make its best possible efforts to meet the milestones.<br><br>The Court will not speculate at this time as to the context in which Walmart might introduce evidence or argument that could be viewed by Cuker as varying in some way from the Court's prior ruling. That said, the parties should obviously not offer evidence or argument that is clearly contrary to the Court's prior rulings. ||||

| Item 17 | Doc. 311 | Cuker's Motion to Preclude Evidence that Walmart Owns Everything Cuker Provided | **GRANTED IN PART DENIED IN PART** |
|---|---|---|---|
| The Court has already held under its interpretation of Sections 3 and 4 of the Consulting Agreement, that it is theoretically possible for Cuker to have provided certain types of materials to Walmart that were not to be owned by or licensed to Walmart.<br><br>The Court will not speculate at this time as to the context in which Walmart might introduce evidence or argument that could be viewed by Cuker as varying in some way from the Court's prior ruling. That said, the parties should obviously not offer evidence or argument that is clearly contrary to the Court's prior rulings. ||||

**IT IS SO ORDERED** on this \_\_6th\_\_ day of April, 2017.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE