IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**WAL-MART STORES, INC.**                                           **PLAINTIFF/
                                                                     COUNTER-DEFENDANT**

v.                          NO. 5:14-CV-5262

**CUKER INTERACTIVE, LLC**                                          **DEFENDANT/
                                                                     COUNTER-PLAINTIFF**

### ORDER ON ALEX ALEXANDER (5/20/2015) DEPOSITION TESTIMONY

Now before the Court is the Parties' **Joint Motion to Exclude Deposition Testimony of ALEX ALEXANDER (5/20/15) (Doc. 343)**. Mr. Alexander was employed by Wal-Mart during the project as ASDA's Director of Multi-Channel Technology. Having read the "color-coded" passages of the deposition transcript submitted to chambers, and having been advised by the parties' objections and responses to certain deposition testimony, the Court finds that the Joint Motion (**Doc. 343**) is **GRANTED IN PART AND DENIED IN PART**. The Court's rulings on the Parties' respective line item objections are as follows:

**DOC. 343**

| Obj. | Excerpt | Page and Line | Ruling | Additional Explanation |
|---|---|---|---|---|
| 1 | 5 | P35:19–P40:23 | Overruled | Relevant and probative of Cuker's trade secrets claim. |
| 2 | 6 | P41:18–P44:8 | Overruled | Relevant and probative of Cuker's trade secrets claims |
| 3 | 7 | P44:19–P45:22 | Overruled | Relevant and probative of Cuker's trade secrets claim. |
| 4 | 8 | P46:12–P46:23<br>P47:18–P48:17 | Overruled | Relevant and probative of Cuker's trade secrets claim. |

| Obj. | Excerpt | Page and Line | Ruling | Additional Explanation |
|---|---|---|---|---|
| 5 | 9 | P51:17–P53:15 | Overruled | Relevant and probative of Cuker's trade secrets claim. |
| 6 | 10 | P56:22–P59:5 | Overruled | Relevant and probative of Cuker's trade secrets claim. |
| 7 | 11 | P61:17–P62:9 | Overruled | Relevant and probative of Cuker's trade secrets claim. |
| 8 | 13 | P70:9–P70:18 | Sustained | The Parties agree to add the question at P70 Lines 5-8. |
| 9 | 14 | P74:22–P75:1 | Sustained | The Parties agree to delete the question and objection at P74 Line 22 through P75 Line 1. |
| 10 | 25 & 26 | P115:4–P115:19<br>P115:21–P116:20 | Overruled in Part, | Overruled as to Excerpt 25. P115 Lines 4-19 will be allowed because the word "template" is an industry-specific term. The witness possesses specialized knowledge from which he may explain the generic meaning of that term to the jury. See the Court's prior Order at Doc. 379, p. 14. |
| | | | Sustained in Part | But the objection to Excerpt 26 is Sustained. P115 line 21 through P116 line 20 will be excluded. Although the generic explanation of the term is permissible, the witness' testimony as to pre-contract discussions with Cuker is inadmissable parol evidence. |

| Obj. | Excerpt | Page and Line | Ruling | Additional Explanation |
|---|---|---|---|---|
| 11 | 34 | P145:9–P148:25 | Overruled | The witness held a Director level position with direct oversight responsibility of the project in question. In a case where: (1) Wal-Mart contends that Cuker's lack of performance constitutes a breach; and (2) Cuker contends that it provided Wal-Mart with non-work-product confidential information that Wal-Mart later misappropriated; the knowledge of this witness as to what Cuker did or did not provide to Wal-Mart (or the mere fact that he does not know one way or the other) is relevant and probative of fact issues in the case, and also goes to the witness' credibility. |
| 12 | 35 | P158:12–P159:16 | Sustained in Part, Overruled in Part | The testimony at P158 Line 12 through P159 Line 9 will be excluded.<br><br>The testimony at P159 Line 10 beginning with the question *"You did not yourself..."* through P159 Line 16 will be allowed.<br><br>The witness' answers in the first part of the passage are non-responsive. But his responses to the last two questions are direct, relevant, and probative. |
| 13 | 37 | P168:11–P168:23 | Sustained | Rules 602 and 403. Although potentially relevant to Cuker's trade secrets claim, the witness lacks sufficient knowledge as to the extent and timing of responsiveness that Wal-Mart brought to those other websites. The potential for confusion and misleading the jury substantially outweighs the probative value. |

| Obj. | Excerpt | Page and Line | Ruling | Additional Explanation |
|---|---|---|---|---|
| 14 | 40 | P176:12–P178:2 | Sustained | Rule 403. Cuker's question is essentially asking the witness to construe and endorse Cuker's interpretation of sections 3 and 4 of the contract in a manner that is inconsistent with and much broader than how the Court has construed the contract as a matter of law. See Doc 23, p.6 and Doc. 197, pp. 17-18 and p. 25. |
| 15 | 42 | P180:3–P182:5 | Overruled | The witness held a Director level position with direct oversight responsibility of the project in question. In a case where: (1) Wal-Mart contends that Cuker's lack of performance constitutes a breach; and (2) Cuker contends that it provided Wal-Mart with non-work-product confidential information that Wal-Mart later misappropriated; the knowledge of this witness as to what Cuker did or did not provide to Wal-Mart (or the mere fact that he does not know one way or the other) is relevant and probative of fact issues in the case, and also goes to the witness' credibility. |
| 16 | 43 | P196:24–P197:19 | Sustained | Rules 401, 403, and 602. The Court has previously addressed this issue in the context of a sanctions motion. See Doc. 226. Wal-Mart's document retention policies---and whether it did or did not follow them—is not relevant to a fact issue to be submitted to the jury. |

**IT IS SO ORDERED** this 8th day of April, 2017.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE