IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**WAL-MART STORES, INC.**                                                       **PLAINTIFF/
COUNTER-DEFENDANT**

v.                              **NO. 5:14-CV-5262**

**CUKER INTERACTIVE, LLC**                                       **DEFENDANT/
COUNTER-PLAINTIFF**

<u>**ORDER ON ALEX ALEXANDER (5/21/2015) DEPOSITION TESTIMONY**</u>

Now before the Court is the Parties' **Joint Motion to Exclude Deposition Testimony of ALEX ALEXANDER (5/21/15) (Doc. 342)**. Mr. Alexander was employed by Wal-Mart during the project as ASDA's Director of Multi-Channel Technology. Having read the "color-coded" passages of the deposition transcript submitted to chambers, and having been advised by the parties' objections and responses to certain deposition testimony, the Court finds that the Joint Motion (**Doc. 342**) is **GRANTED IN PART AND DENIED IN PART**. The Court's rulings on the Parties' respective line item objections are as follows:

**DOC. 342**

| Obj. | Excerpt | Page and Line | Ruling | Additional Explanation |
|---|---|---|---|---|
| 1 | 9 | P12:8–P13:14 | Overruled | The witness is not interpreting the scope of the contract. The point of the testimony is to explain that Wal-Mart sued because it contends that Cuker breached its promises [contained in the contract]. |
| 2 | 9 & 10 | P13:13–P13:14<br>P13:24–P14:5 | Overruled | Witness testifying to an admission by Cuker of an anticipatory repudiation of the contract. The excerpt does not run afoul of Rule 408, because it does not reference Cuker's offer of compromise. |

| Obj. | Excerpt | Page and Line | Ruling | Additional Explanation |
|---|---|---|---|---|
| 3 | 14 | P59:24–P61:18 | Overruled | The witness is not interpreting the scope of the contract. |
| 4 | 16 | P62:8–P67:8 | Overruled in Part, | The Court will provisionally allow: P62 line 8 to P63 line 7, *and* P64 line 9 to P64 line 19, **but only on the condition** that the parties agree—or Wal-Mart can proffer evidence—that it actually paid $26,000 to Cuker for that specific reason, separate and in addition to the payment schedule set forth in the contract.[1] If such a payment was made, it would be relevant and probative of Cuker's claim for unjust enrichment—but the Court would expressly limit the use of this testimony to that purpose, and would instruct the jury that the testimony may not be used as evidence of the scope of the parties contract, or as evidence of an amendment to the contract—because the Court understands that the PCR, while discussed, was never actually consummated. To the extent the payment wasn't made, then the objections to these portions are sustained.<br><br>The Court will allow P64 at line 20 through P67 Line 8, as relevant and probative on the issue of breach. |
|  |  |  | Sustained in Part | Under Rule 403, the Court will not allow evidence or argument to the effect that Susie Spencer's February 12th "clarification of the site map" served to define—or alter or amend—the scope of the parties contract. Accordingly, P63 line 8 through P64 line 8, will be excluded. |

---

[1] It is not clear to the Court whether a $26,000 payment was made or not. Later in his deposition, at pp. 147-148, Alexander seems to testify that the payment wasn't made.

| Obj. | Excerpt | Page and Line | Ruling | Additional Explanation |
|---|---|---|---|---|
| 5 | 17 | P67:20–P68:16 | Overruled | Relevant and probative of breach. |
| 6 | 18 | P71:15–P71:22 | Overruled | Relevant and probative of breach. (But the Court has not been provided with a copy of Exhibit 6 that was marked at this point in the deposition—and the Court makes no rulings as to its admissibility). |
| 7 | 20 | P74:3–P74:9 | Overruled | The Court understands the temporal context here to be May 2014—when Atalla supposedly made a "non-negotiable" demand for $300,000 in extra compensation. The 408 objection is overruled because (1) this testimony in no way references the written offer of compromise (that would follow in July) that the Court has previously excluded and (2) nothing about Atalla's alleged statement suggests that it was intended for the purpose of *compromising* a disputed claim. The testimony is also relevant and probative on the issues of breach and unjust enrichment. |
| 8 | 24 | P113:1–P115:14<br>P116:11–P119:16 | Overruled | This testimony is relevant and probative of Cuker's trade secrets claim. That said, Cuker designated the same or substantially similar testimony with regard to Alexander's May 20 deposition, and Cuker is advised to not burden the record with cumulative testimony from the same witness. |
| 9 | 28 | P143:6–P146:21 | Sustained | Rules 401 and 403. |

**IT IS SO ORDERED** this 8th day of April, 2017.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

3