IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**WAL-MART STORES, INC.**                                             **PLAINTIFF/
COUNTER-DEFENDANT**

**V.**            **CASE NO. 5:14-CV-5262**

**CUKER INTERACTIVE, LLC**                                         **DEFENDANT/
COUNTER-CLAIMANT**

### ORDER ON JURY VERDICT

On the 10th day of April, 2017, this matter came before the Court for trial to a duly qualified and selected jury consisting of nine (9) members. On April 20, 2017, after nine days of trial, the parties rested. The jury was instructed on applicable law, closing arguments were presented, and the case was submitted on interrogatories. The jury recessed over the evening hours and returned on April 21, 2017, to continue deliberating its verdict. Thereafter, the jury appeared in open court and delivered the following unanimous verdicts[1]:

### 1. Walmart's Breach of Contract Claim Against Cuker

**INTERROGATORY NO. 1-A**: Do you find, by the greater weight of the evidence, that Cuker breached its contract with Walmart?

                         Answer: **No**

---

[1] See Doc. 445.

## 2. Cuker's Breach of Contract Claim Against Walmart

**INTERROGATORY NO. 2-A**: Do you find, by the greater weight of the evidence, that Walmart breached its contract with Cuker?

Answer: **Yes**

**INTERROGATORY NO. 2-B**: What amount do you find, by the greater weight of the evidence, reasonably and fairly compensates Cuker for Walmart's breach of contract?

Answer: **$30,629.00**

## 3. Cuker's Unjust Enrichment Claim Against Walmart

**INTERROGATORY NO. 3-A**: Do you find, by the greater weight of the evidence, that Walmart was unjustly enriched to Cuker's detriment?

Answer: **Yes**

**INTERROGATORY NO. 3-B**: What amount do you find, by the greater weight of the evidence, is the reasonable value of Cuker's services unjustly received by Walmart?

Answer: **$400,000.00**

**INTERROGATORY NO. 3-C**: Do you find, by the greater weight of the evidence, that Walmart intentionally demanded the services it unjustly received, with the knowledge or belief that those services were outside the scope of work that the contract required of Cuker?

Answer: **Yes**

## 4. Cuker's Claims for Misappropriation of Trade Secrets Against Walmart

### 4-1. Phased Release Support Technique

**INTERROGATORY NO. 4-1(A):** Do you find, by the greater weight of the evidence, that Walmart misappropriated Cuker's Phased Release Support Technique which was a proximate cause of damages sustained by Cuker?

Answer: **Yes**

**INTERROGATORY NO. 4-1(B):** State the amount of any damages to which you find, by the greater weight of the evidence, that Cuker is entitled to as a result of the misappropriation of this particular trade secret.

Answer: **$5,348,520.00**

**INTERROGATORY NO. 4-1(C):** Do you find, by the greater weight of the evidence, that Walmart's misappropriation of this particular trade secret was willful and malicious?

Answer: **Yes**

### 4-2. CMS Tweak Development Tool

**INTERROGATORY NO. 4-2(A):** Do you find, by the greater weight of the evidence, that Walmart misappropriated Cuker's CMS Tweak Development Tool which was a proximate cause of damages sustained by Cuker?

Answer: **Yes**

**INTERROGATORY NO. 4-2(B):** State the amount of any damages to which you find, by the greater weight of the evidence, that Cuker is entitled to as a result of the misappropriation of this particular trade secret.

Answer: **$2,788,690.00**

**INTERROGATORY NO. 4-2(C):** Do you find, by the greater weight of the evidence, that Walmart's misappropriation of this particular trade secret was willful and malicious?

Answer: **No**

### 4-3. Adobe Illustrator Source Files for Wireframes and Adobe Photoshop Source Files for Designs

**INTERROGATORY NO. 4-3(A):** Do you find, by the greater weight of the evidence, that Walmart misappropriated Cuker's Adobe Illustrator Source Files for Wireframes and Adobe Photoshop Source Files for Designs which was a proximate cause of damages sustained by Cuker?

Answer: **Yes**

**INTERROGATORY NO. 4-3(B):** State the amount of any damages to which you find, by the greater weight of the evidence, that Cuker is entitled to as a result of the misappropriation of this particular trade secret.

Answer: **$2,788,690.00**

**Interrogatory NO. 4-3(C):** Do you find, by the greater weight of the evidence, that Walmart's misappropriation of this particular trade secret was willful and malicious?

Answer: **Yes**

### 4-4. Zoning Tools

**INTERROGATORY NO. 4-4(A):** Do you find, by the greater weight of the evidence, that Walmart misappropriated Cuker's Zoning Tools which was a proximate cause of damages sustained by Cuker?

Answer: **Yes**

**INTERROGATORY NO. 4-4(B):** State the amount of any damages to which you find, by the greater weight of the evidence, that Cuker is entitled to as a result of the misappropriation of this particular trade secret.

Answer: **$1,082,136.00**

**INTERROGATORY NO. 4-4(C):** Do you find, by the greater weight of the evidence, that Walmart's misappropriation of this particular trade secret was willful and malicious?

Answer: **Yes**

Counsel waived polling of the jury. The Court finds no irregularity to the procedure or form of the jury's verdicts, and therefore accepts the same as true and proper in all respects. But certain collateral issues remain before the Court can enter a judgment on the jury's verdicts.

First, in its Amended Counterclaim (Doc. 61-1) Cuker seeks injunctive relief pursuant to the Arkansas Trade Secrets Act, Ark. Code Ann. § 4-75-604, which states that "[a]ctual or threatened misappropriation [of a trade secret] may be enjoined." This claim survived summary judgment. (See Doc. 197, p 26). Injunctive relief is equitable and its form and scope must be determined by the Court—in a manner consistent with any applicable findings of fact. Here, as indicated by their verdicts, the jury found that Walmart misappropriated four of Cuker's trade secrets. In accordance with Rule 54(b), the Court should include its ruling on Cuker's separate claim for injunctive relief within the same judgment that is entered on the jury's verdicts. Accordingly, the parties shall promptly confer in an effort to reach a proposed stipulation as to the form and scope of injunctive relief that the Court should include in its judgment, if any. To the extent a stipulation is reached, the parties shall file the same by no later than April 28, 2017. In the absence of a stipulation, the parties shall provide briefing stating their respective positions and supporting authorities. Simultaneous initial briefing shall be filed by each party no later than May 5, 2017 (containing no more than 10 pages each), and simultaneous response briefs may be filed by no later than May 12, 2017 (containing no more than 5 pages each).

Second, the Court seeks briefing on the amount of damages it should include in the judgment for Cuker's Claim 4-2, Misappropriation of the CMS Tweak Development Tool. Prior to trial the Court denied (Doc. 379, pp. 6-12) Walmart's Motion in Limine to exclude evidence of damages in excess of a contractual "limitation of liability," as set forth in Section 9 of the parties' Consulting Agreement. More specifically, the Court said that it "will rule Section 9 to be unenforceable"—to the extent the jury finds Walmart's misappropriation of any particular trade secret to be "willful and malicious." *Id.* The jury found that Walmart misappropriated Cuker's CMS Tweak Development Tool and awarded damages in the sum of $2,788,690.00, but found that Walmart's misappropriation of this particular trade secret was not willful and malicious. (See Interrogatory 4-2(B) and (C), Doc. 445, p. 10). Thus, the Court will enforce Section 9 with respect to this trade secret, but it may be that the parties have different views as to how much the jury's damages for this particular trade should be reduced. Accordingly, the parties shall promptly confer in an effort to reach a proposed stipulation as to this issue too. To the extent a stipulation is reached, the parties shall file the same by no later than April 28, 2017. In the absence of a stipulation, the parties shall provide separate briefing stating their respective positions and supporting authorities. Simultaneous initial briefing shall be filed by each party no later than May 5, 2017 (containing no more than 7 pages each), and simultaneous response briefs may be filed by no later than May 12, 2017 (containing no more than 4 pages each).

Third, in its Amended Counterclaim, Cuker seeks further relief in the form of statutory attorneys fees, as well as its costs in bringing this action. By no later than May 19, 2017, Cuker shall file a motion for fees and costs, with appropriate supporting documents, and a memorandum brief in support of its request. Walmart shall respond within 14 days of that motion's filing.

The Court will enter final judgment upon further rulings as to these remaining issues.

DATED this 24th day of April, 2017.

/s/ Timothy L. Brooks
HON. TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE