IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**WAL-MART STORES, INC.**                                                 **PLAINTIFF/
COUNTER-DEFENDANT**

**V.**                     **CASE NO. 5:14-CV-5262**

**CUKER INTERACTIVE, LLC**                                      **DEFENDANT/
COUNTER-CLAIMANT**

## ORDER STAYING INJUNCTION

Currently before the Court are Wal-Mart Stores, Inc.'s ("Walmart") Motion for Stay of Injunction (Doc. 486), and Cuker Interactive, LLC's ("Cuker") Response (Doc. 489) in opposition. On July 28, 2017, the Court entered its Judgment in this case, awarding Cuker $10,197,065.00 in damages from Walmart, and enjoining Walmart to delete certain Cuker-authored computer files from its possession. *See* Doc. 484. On August 11, the Court stayed execution on the money judgment pending disposition of Walmart's post-trial motions, but declined to consider whether a further stay of execution pending appeal was warranted, as the latter issue was not yet ripe. *See* Doc. 488, p. 2. Walmart filed a Motion for Judgment as a Matter of Law under Rule 50(b) (Doc. 490) and a Motion for New Trial or Remittitur under Rule 59 (Doc. 493) on August 25, 2017; Cuker has not yet responded to either of those motions.

Walmart asks the Court to stay the injunction pending the resolution of its Rule 50(b) and Rule 59 motions, and also pending any appeal that may follow disposition of those motions. Rule 62(b) authorizes this Court to stay execution of a judgment pending disposition of the aforementioned post-judgment motions "[o]n appropriate terms for the

1

opposing party's security," and Rule 62(c) authorizes a stay of an injunction pending appeal "on terms for bond or other terms that secure the opposing party's rights." As with the money judgment, the Court finds that the matter of whether to enter a stay of the injunction pending appeal under Rule 62(c) is not yet ripe for consideration, given that no notice of appeal has been filed.

The decision whether to stay a permanent injunction under Rule 62(b) pending resolution of post-trial motions "is within the sound discretion of the court." *See Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*, 397 F. Supp. 2d 537, 547–48 (D. Del. 2005). In exercising that discretion, the Court should consider the following four factors: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The Court must balance these factors, considering their relative strength; for example, the stronger a stay applicant's showing is as to the first factor, the less is required from that party as to the second factor, and vice versa. *See id.* However, the first factor is the most important factor, and at least some showing must always be made as to the second factor for a stay to be granted. *See id.*

Addressing the factors in reverse order—the Court does not believe the fourth factor weighs strongly in either direction. Regarding the third factor, although Cuker argues that it would be substantially injured by a stay because Walmart's misappropriation of its trade secrets would continue unabated, the Court agrees with

2

Walmart that it is significant that "in the three years this case has been pending, Cuker has not sought a preliminary injunction or otherwise attempted to restrain the use of its claimed trade secrets prior to trial." (Doc. 487, p. 7). With respect to the second factor, Walmart contends that if it were required to destroy the computer files in question, it would be unable to recover them in the event of a judicial determination that they were not trade secrets after all, and it would "have spent considerable time and resources to comply with a since-reversed injunction." *Id.* at 6. The Court is skeptical of the proposition that Walmart could not recover the files since, as Cuker points out, Walmart's attorneys will continue to possess throughout the pendency of this case the hard drive introduced at trial which contains the files. However, the Court will credit the point that Walmart might not be able to recover the time and resources spent complying with the injunction, such that Walmart has made at least some showing of irreparable injury here absent a stay. Finally, the volume and complexity of the legal issues implicated in Walmart's post-trial motions show a sufficiently strong likelihood of success on those motions to make the first factor weigh in Walmart's favor—which is not to say the Court thinks it is more likely than not that Walmart's motions will succeed. *See St. Judge Med., Inc. v. Access Closure, Inc.*, 2012 WL 12919351, at *1–*2 (W.D. Ark. Oct. 2, 2012).

Overall, then, these four factors weigh in favor of granting the stay pending the resolution of Walmart's post-trial motions.[1] Walmart states that it "is willing and able to

---

[1] These are the same four factors the Court would consider on a motion to stay the injunction pending appeal under Rule 62(c). *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). But the parties should not assume that the Court's ruling on such a motion would be the same as its ruling here under Rule 62(b). It is conceivable to the Court that any number of events or rulings between now and then, or even simply inherent differences between the nature of post-trial motion practice on the one hand and appellate practice on the other, could cause the Court to view the equities in a different light. Thus, if the

3

post a reasonable bond as security for a stay if the Court so requires." (Doc. 486, ¶ 7). Cuker responds that "it is impossible for the Court to set a reasonable bond amount," and declines to propose any amount that would satisfy it if Walmart's Motion were granted. *See* Doc. 489, p. 7. Instead, Cuker speculates that immediate enforcement of the injunction might uncover facts that "trigger independent legal claims" or that buttress the record in this case with respect to Cuker's currently-pending motions for sanctions and attorney fees. *See id.* at 2. Since Cuker has not alleged any threats to its security beyond frustration of its ability to uncover evidence of further wrongdoing, the Court believes no bond or other additional measure is necessary for Cuker's security during the pendency of post-trial motion practice.

**IT IS THEREFORE ORDERED** that Walmart's Motion for Stay of Injunction (Doc. 486) is **GRANTED IN PART AND DENIED IN PART** as follows: the injunction set out in the Court's Judgment is **STAYED** pending disposition of Walmart's post-judgment motions, and security for that stay is waived. Walmart's request for a stay of injunction pending appeal is denied without prejudice, and may be renewed when and if an appeal is taken.

**IT IS SO ORDERED** on this 31st day of August, 2017.

                                           */s/ Timothy L. Brooks*
                                           TIMOTHY L. BROOKS
                                           UNITED STATES DISTRICT JUDGE

---

Court's ruling on the pending post-trial motions is followed by a motion to stay under Rule 62(c), then the Court will engage in a fresh and lengthier analysis of these four factors at that time, having the benefit then of its comprehensive and "final" (with the obvious caveat of appellate review) rulings on the motions that are currently pending.