IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**WAL-MART STORES, INC.**                                                **PLAINTIFF/**
                                                                        **COUNTER-DEFENDANT**

**V.**                              **CASE NO. 5:14-CV-5262**

**CUKER INTERACTIVE, LLC**                                   **DEFENDANT/**
                                                                        **COUNTER-CLAIMANT**

## ORDER STAYING INJUNCTION

Currently before the Court are Wal-Mart Stores, Inc.'s ("Walmart") Motion for Stay of Injunction (Doc. 537) and Memorandum of Law in Support (Doc. 538), and Cuker Interactive, LLC's Memorandum of Law in Opposition (Doc. 543). On April 2, 2018, the Court entered its Amended Judgment in this case, awarding Cuker $3,409,283.44 from Walmart in damages, attorney fees, taxable costs, and sanctions, and enjoining Walmart to delete certain Cuker-authored computer files from its possession. *See* Doc. 525. Cuker and Walmart have both appealed to the Eighth Circuit from the Amended Judgment. *See* Docs. 531, 536. On May 7, 2018, the Court stayed execution on the money judgment by $3,750,000.00 Supersedeas Bond during the pendency of the appeal. *See* Docs. 535, 541. Walmart now asks the Court also to stay the injunction during the pendency of the appeal, which request Cuker opposes.

Fed. R. Civ. P. 62(c) authorizes this Court to stay an injunction pending appeal "on terms for bond or other terms that secure the opposing party's rights." Entry of a stay is "an exercise of judicial discretion" that must be guided by consideration of four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on

1

the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." See Nken v. Holder, 556 U.S. 418, 433–34 (2009). "The Court must balance these factors, considering their relative strength; for example, the stronger a stay applicant's showing is as to the first factor, the less is required from that party as to the second factor, and vice versa." (Doc. 503, p. 2) (citing Brady v. Nat'l Football League, 640 F.3d 785, 789 (8th Cir. 2011)). "However, the first factor is the most important factor, and at least some showing must always be made as to the second factor for a stay to be granted." Id.

Beginning with the first and most important factor, the Court finds that Walmart has made a strong showing that its appeal is likely to succeed on the merits, albeit barely. Contesting this, Cuker argues that Walmart is unlikely to succeed on the merits because it will have to overcome an unfriendly standard of review. Specifically, Cuker contends that "[f]or Walmart to succeed on the merits, it must convince the Eighth Circuit that the jury's findings that the Adobe Source Files constitute trade secrets and that Walmart misappropriated them were clearly erroneous." (Doc. 543, p. 4.). But while Cuker has accurately characterized the standard of review for factual findings, see Willis v. Henderson, 262 F.3d 801, 808 (8th Cir. 2001), it overlooks that in this particular case those factual findings are conditioned on this Court's prior interpretations of the contract between Walmart and Cuker. See, e.g., Doc. 23, p. 6 ("The Court finds that the Contract does not bar ATSA claims regarding trade secrets that are not 'Work Product' as that term is defined in section 3(a) in the Contract."); Doc. 197, p. 16 (interpreting the contract's scope of work); Doc. 379, p. 13 (interpreting the contractual terms "deliverable" and "work

2

product" in accordance with this Court's prior interpretation of the contract's scope of work). And contract interpretation is a matter of law, which the Eighth Circuit reviews *de novo*. *See Anderson v. Hess Corp.*, 649 F.3d 891, 896 (8th Cir. 2011).

Of course this Court believes that its contractual interpretations in this case are correct. But Walmart "does not need to prove that there is a greater than fifty-percent chance that it will prevail on the merits," so long as it shows "serious questions going to the merits." *See Knutson v. AG Processing, Inc.*, 302 F. Supp. 2d 1023, 1035 (N.D. Iowa 2004). And as this Court has previously observed, the contract governing this case "is hardly a model of clarity." *See* Doc. 197, p. 8. Thus, the Court believes that the first and most important factor weighs slightly in Walmart's favor.

The Court turns now to the second factor: whether Walmart will be irreparably injured absent a stay. As noted above, Walmart must make at least some showing as to this factor in order for a stay to be granted. Walmart's argument on this point is essentially the same as it was when it sought a stay of the injunction pending post-trial motion practice, and the Court makes the same findings on this point now as it did then:

> Walmart contends that if it were required to destroy the computer files in question, it would be unable to recover them in the event of a judicial determination that they were not trade secrets after all, and it would have spent considerable time and resources to comply with a since-reversed injunction. The Court is skeptical of the proposition that Walmart could not recover the files since, as Cuker points out, Walmart's attorneys will continue to possess throughout the pendency of this case the hard drive introduced at trial which contains the files. However, the Court will credit the point that Walmart might not be able to recover the time and resources spent complying with the injunction, such that Walmart has made at least some showing of irreparable injury here absent a stay.

(Doc. 503, p. 3) (internal quotation marks and citation omitted).

As for the third factor—whether issuance of the stay will substantially injure Cuker—the Court's view of this is only a little different than it was on the previous motion for a stay of the injunction. At that time, the Court observed that "it is significant that in the three years this case has been pending, Cuker has not sought a preliminary injunction or otherwise attempted to restrain the use of its claimed trade secrets prior to trial." *See* Doc. 503, p. 3. The Court still believes that fact is significant; but its weight is offset somewhat by new evidence that was not previously before the Court. Specifically, Aaron Cuker (the President of Cuker) has submitted a sworn declaration in which he states, *inter alia*, that:

> I understand that, in July 2014, Debashish Bhattacharjee, a Walmart employee, left his employment at Walmart to take a position at Y Living. After we learned, in August 2016 about Mr. Bhattacharjee's departure, my colleagues and I reviewed Y Living's websites and believe, based on the layout and functionality of those sites, that they are using Cuker trade secrets.

(Doc. 543-1, ¶ 8). However, Mr. Cuker does not elaborate on what it is about the layout and functionality of those sites that leads him to this belief, which prevents the Court from meaningfully assessing its credibility. Thus, the Court believes this third factor does not weigh strongly in either direction at this time. And finally, the Court also does not believe the fourth factor—the public interest—weighs in either direction.

Ultimately, then, the Court believes the factors weigh in favor of granting a stay of the injunction while the appeal of this case is pending—though by a rather thin margin, and almost entirely on the strength of the first and most important factor.

**IT IS THEREFORE ORDERED** that Wal-Mart Stores, Inc.'s Motion for Stay of Injunction (Doc. 537) is **GRANTED** as follows: the injunction set out in the Court's

Amended Judgment (Doc. 525) is **STAYED** pending disposition of the appeals therefrom that are currently pending before the Eighth Circuit.

**IT IS SO ORDERED** on this 29th day of May, 2018.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE